SMITH & MURRAY v. JAS. G. SCOTT AND W. L. DESPAIN.

**Contracts, Fraud Vitiates—Waiver.**

A sold to B a certain quantity of tobacco at sixteen dollars per hundred pounds, under a contract, containing "his crop of tobacco now in the house, raised the present year, also his interest of one-half in some crops of tobacco now on his farm, and several other small crops not yet hauled in but yet already purchased by said Scott and W. L. Despain.' Part of the tobacco was delivered under the contract, but A purchased some tobacco of inferior quality and mixed it in with that which was good, this not being of .the quality as represented at the time of the contract. Held that this would vitiate the whole contract, except so far as B by subsequent acts, waived it.

**Same.**

The acceptance by B of a quantity of the mixed tobacco, after inspection in the presence of A, will waive any rights B might have as to misrepresentations made by A.

APPEAL FROM HART CIRCUIT COURT.

February 7, 1868.

OPINION OF THE COURT BY JUDGE WILLIAMS:

Scott having recovered a judgment in equity against appellants for $824.80 subject to various credits, and Despain having also recovered a judgment against them for $740.80, subject to certain credits, in consolidated suits, we are asked to revise them.

February 17, 1863, Scott, by written contract, sold to Smith & Nurray at sixteen dollars per 100 bbs, net, Louisville weight.

> "his crop of tobacco now in the house, raised the present year, also his interest of one-half in some crops of tobacco now on his farm and several other small crops not yet hauled in but yet already purchased by said Scott and W. L. Despain."

Scott undertook to prize and deliver it in good order at the New Haven depot of the Lebanon branch of Louisville & Nashville

railroad in a reasonable time after the tobacco should get in proper order. Smith & Murray were to receive the tobacco at New Haven and bear expenses, losses and damage to Louisville, but it was to be delivered at the Pickett warehouse in Louisville and the net weights ascertained there. The tobacco hogsheads were to be marked "R. D. Murray," and Scott's name was also to be placed thereon, for the purpose of distinguishing this from other lots being purchased by Smith & Murray. Some three days thereafter Despain sold his interest to Smith & Murray on the same terms by verbal contract.

Scott delivered at New Haven four hogsheads marked "R. D. Murray," with his own name on them, in March, and these were sold near the close of the month.

Afterwards four hogshead were sent to the Pickett warehouse marked Scott & Co., and Scott or some one for him went to the warehouse, arranged about the freight and drew over three hundred dollars on the tobacco.

This tobacco was sold in June and Smith drew the proceeds remaining due after the payment of freight and advances.

This tobacco was sold at a loss.

Scott and Despain having brought their respective suits, Smith & Murray resisted judgment because, as they assert, the tobacco was not delivered in reasonable time, and that after the date of the contract Scott and Despain bought other and inferior crops at greatly less than $16 per 100 hundred pounds, and mixed it up with the tobacco sold to them, and hereby practiced a fraud on them and deny that they received the four hogshead marked Scott & Co., but took the remainder of the proceeds to indemnify them for advances made.

There was some contrariety of evidence as to the subsequent purchase of inferior tobacco by Scott & Despain after the sale to Smith & Murray, but before the trial was gone into Murray filed an affidavit saying that they could prove by certain witnesses that the plaintiffs, after the making of said contract, purchased a number of small crops of tobacco, of very inferior quality, at prices considerably below the contract price of $16 per 100 pounds, which they prize in with the tobacco contracted to the defendants, and that the tobacco previously purchased, but not at Scott's, was of very inferior quality and not such as it was represented to be at the time of the contract, and plaintiffs admitted

the truth of these statements and went to trial. So the subsequent purchase of inferior tobacco and the mixing it with that sold, which had been purchased by Scott & Despain, which was not then at Scott's, are admitted and not subject to disproof nor further controversy, and this vitiates the whole contract save only so far as Smith & Murray by their subsequent conduct waived it.

The four hogsheads shipped in March and marked as agreed in the contract, being received at the Pickett warehouse, and sold in March, without complaint by Smith & Murray and they controlling the proceeds, must be regarded as a delivery and acceptance, especially as the tobacco was shipped and inspected and was, or could have been seen by Smith who remained at Louisville to superintend the reception and sale of the firm's tobacco.

It is different, however, as to the four hogsheads marked "Scott & Co.," and not R. D. Murray, with Scott's name thereon, as provided in the contract, and especially as Scott took control over this tobacco subsequently to its delivery in the warehouse. The reception by Smith & Murray of the proceeds of this tobacco after deducting the advances to Scott, in ignorance of Scott & Despain having wrongfully bought inferior tobacco and prized in with that they sold to them, should not preclude them as to this tobacco. As to this latter tobacco the court should have adjusted the accounts between these respective parties on the basis of the net proceeds, charging Smith & Murray with only the amount received by them, and on the return of the cause the court will refer the matter to a commissioner to ascertain the amount which Smith & Murray should be charged for the first four hogsheads at the contract price, and what they actually received on the latter four, and adjust up the accounts accordingly.

Where, the judgment is reversed as to both Scott and Despain, with directions for further proceedings as herein indicated.

*Murray, for appellants.*

*Dawson & Rodman, for appellees.*